UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-MJ-296 (GMH) |
| | ) | |
| CHRISTOPHER WORRELL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S EMERGENCY MOTION TO REVOKE ORDER OF DETENTION**

The Defendant Christopher Worrell, by and through his counsel, tenders this motion to revoke the order of detention and order his immediate release with appropriate conditions to seek proper medical care.

**I. INTRODUCTION**

Mr. Worrell has been battling non-Hodgkin's lymphoma on and off since 2007. He was undergoing treatment for this dangerous cancer of the immune system when he was arrested on March 12, 2021 and detained without bail. Since the day he was detained, the Government has expressly prevented him from continuing this treatment—the Government's doctors insisted on pursuing a different course of treatment. However, after almost six months in custody, Mr. Worrell has received *no cancer treatment*.

When Mr. Worrell suffered a broken hand in May, Government doctors said he needed surgery. Yet, as of this writing, the Government has done nothing other than give Mr. Worrell some *anti-inflammatories* (i.e. Tylenol). The Government has repeatedly promised Mr. Worrell, his counsel, and this Court that it would attend to Mr. Worrell's serious medical needs. Instead, the Government has shown deliberate indifference to his plight: Mr. Worrell is approaching his sixth month in custody, and has yet to receive *any* significant treatment. Indeed, it is unclear when—if ever—the Government will deign to give Mr. Worrell the medical attention that he

1

desperately needs. In sum, the Government's consistent and unremitting failure to provide medical treatment is a clear violation of Mr. Worrell's Fifth Amendment right to Due Process. The only remedy for such violations is release from detention. Accordingly, Mr. Worrell respectfully requests that this Court revoke Mr. Worrell's detention and order him released with appropriate conditions.

## II. STATEMENT OF FACTS

Mr. Worrell is currently held in pretrial detainment without access to his prescribed cancer medication, or the regularly examination and treatment necessary for someone with non-Hodgkin's lymphoma. He is experiencing a rapidly deteriorating condition as he develops lymphomas on the skin of his face, neck, back, arms, and legs putting him at great risk for further complication

Mr. Worrell was arrested in the Middle District of Florida pursuant to a warrant issued in Washington, D.C. On March 19, 2021, Mr. Worrell appeared with counsel before Chief Judge Howell for his initial appearance and detention hearing. The Court denied bail and conditional release.

Since that time, Mr. Worrell has been held at the Charlotte County Jail in Punta Gorda, Florida and subsequently transferred to Grady County Jail, Oklahoma, Northern Neck Jail, Virginia, and finally to Central Treatment Facility, Washington, D.C. where he remains incarcerated today. Mr. Worrell was promised immediate medical treatment upon his arrival in D.C. by Judge Howell.

Mr. Worrell filed an emergency motion for reconsideration of the detention order on March 26, 2021, which was denied on April 6, 2021. Mr. Worrell filed a second emergency motion for reconsideration on May 11, 2021, which was denied on June 3, 2021.

Since, Mr. Worrell is still being detained without access to medical treatment of his non-Hodgkin's lymphoma. As time progresses, Mr. Worrell is experiencing a rapidly deterioration to his physical and mental health. Mr. Worrell continues to develop lymphomas that are increasing spreading on his body including his face, neck, back, arms, and legs. While detained, Mr. Worrell also contracted COVID-19 on or about April 14, 202. To date, Mr. Worrell still has not received treatment and his updated medical records have not been provided to counsel or the government upon request.

The following is a timeline regarding Mr. Worrell's medical treatment while he has been detained.

1. 4/13 Intake to DC Jail—tested positive for COVID-19.
2. 4/15 Dr. Rucker provided Rx to DC Jail.
3. 4/16 Severe chest pain on the left side—20 minutes before officer on POD woke up and responded.
4. 4/16 Complaint listed "dry cough."
5. 4/16 Documented as observed for several hours—was actually placed in quarantine cell.
6. 4/16 Roughly, eight and a half hours after complaining of chest pains, Mr. Worrell was transported to Howard University for treatment.
7. 4/19 DC Jail received medical records from Florida Cancer Specialist.
8. 4/20 DC Jail called Moffit, ended call as they were placed on hold.
9. 4/21 Florida Cancer Specialist reported they faxed records three times and received 'error message.'
10. 4/22 Mr. Worrell submitted complaint about back pain regarding [insert]—was never seen by medical.

11. 4/28 DC Jail consulted with Dr. Rucker agreeing to continue his prescribed treatment

12. 4/30 Mr. Worrell submitted complaint regarding back and neck pain due to [insert] requested extra and/or new mattress, request was declined.

13. 5/3 Mr. Worrell submitted medical visit request for back pain. Mr. Worrell was never taken to medical, visit is reported as 'cancelled as no show.'

14. 5/4 Mr. Worrell submitted medical visit request for back pain. Appointment was cancelled.

15. 5/5 Dr. Mitchell acknowledge Mr. Worrell's condition of non-Hodgkin's lymphoma and the rarity of condition—advised the need for oncologist care.

16. 5/5 Dr. Mitchell informed Mr. Worrell of Dr. Rucker's treatment as 'not normal standard of care.'

17. 5/6 Mr. Worrell taken to medical to be treated for spider bite/infection—Dr. Crenshaw notes 'no discharge;' however, Mr. Worrell provided coverings of wond with green and yellow discharge. Discharge also continued after visit.

18. 5/6 Dr. Crenshaw made statement regarding Dr. Rucker's treatment not being standard, also noted Rituximab treatment discontinued in 2016 due to severe allergic reaction.

19. 5/6 Second request for medical regarding infection on back, appointment was cancelled.

20. 5/6 Dr. Mitchell attempts to coordinate oncology appointment.

21. 5/7 Mr. Worrell submits medical visit request for dry eyes and blurry vision. DC medical provided eyedrops and scheduled ophthalmologist appointment.

22. 5/12 Mr. Worrell submits medical complaint of urinary hesitancy (To date, no response).

23. 5/12 Mr. Worrell requested medical diet for nutrition, request was denied as 'not a candidate for medical diet,'

24. 5/12 Infection on back returned, Mr. Worrell was taken to medical and told 'keep monitoring, treatment not possible'. Medical noted no pus or drainage; however, infection was draining.

25. 5/13 Medical noted patches on face and neck of Mr. Worrell, spots caused my untreated lymphoma.

26. 5/14 Mr. Worrell request eye drop refill, request was denied.

27. 5/15 Mr. Worrell submits second request for eyedrop refill, again, request was denied.

28. 5/15 Mr. Worrell request medical visit, appointment scheduled and later cancelled.

29. 5/16 Mr. Worrell passed out, falling, causing a break to his right hand. Left untreated for eight hours. Medical records state 'tripped over box;' however, this is inaccurate as Mr. Worrell fainted.

30. 5/17 DC jail informed Mr. Worrell he would have a follow-up with Dr. Wilson for hand surgery.

31. 5/17 Medical reports Mr. Worrell 'not in pain' during return; however, Mr. Worrell was never seen by medical upon return.

32. 5/19 Infection on back returned, yellow discharge with blood. Medical visit denied.

33. 5/19 First oncology appointment (37 days after arrival in DC).

34. 5/19 Medical informed Mr. Worrell 'treatment will be prescribed if condition continues' despite the fact Mr. Worrell has active lymphoma.

35. 5/19 Medical notes 'unspecified injury to right wrist, hand, and fingers.'

36. 5/24 During medical visit, Mr. Worrell was informed a follow-up appointment has not been made for Dr. Wilson regarding the broken hand.

37. 6/5 Mr. Worrell receives PET scan.

38. 6/7 Mr. Worrell receives bone marrow biopsy.

39. Approximately 6/12 Mr. Worrell was taken to see Dr. Wilson regarding his broken hand. Dr. Wilson informed Mr. Worrell that due to the jail's delay the hand will require surgery rather than being reset in Dr. Wilson's office.

40. 6/17 Dental appointment scheduled for root canal, request for procedure denied.

41. 6/30 Discovered no ophthalmologist appointment had been made for Mr. Worrell.

Currently, as of August 10, 2021, Mr. Worrell has not received appoints for (1) lymph node biopsy, (2) skin biopsy, (3) hand surgery. Furthermore, Mr. Worrell has still yet to receive *any* cancer treatment, maintains a cracked tooth, has a broken hand, and has yet to receive his eyedrops.

### III. LEGAL STANDARD

The Fifth Amendment's Due Process Clause protects pretrial detainees against the deprivation of life or liberty "without due process of law." *See U.S. v. Cole*, 459 F. Supp. 3d 116, 123 (D.D.C. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). The failure to provide medical treatment is inconsistent with contemporary standards of decency, and violates Due Process. *Anderson*, *v. Dist. of Columbia*, 317 F. Supp. 3d 444, 447 (D.D.C. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Indeed, "Due Process [] **requires** jails to provide medical care to detainees who need it." *Id.* (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244–45 (1983)) (emphasis added).

Where—as here—the denial of medical care "rise[s] to the level of a due process violation," the Fifth Amendment requires the court to revoke a prior detention order and release the detainee. *Id.* at 123–24. Here, the government has known that Mr. Worrell is battling cancer since practically the first day of his detention. The Government has repeatedly told this Court

that it would ensure Mr. Worrell receives treatment. Yet, after detaining Mr. Worrell for nearly five months, the Government has given him *no treatment*. At best, this pattern of withholding treatment shows deliberate indifference to Mr. Worrell's plight; at worst, it shows an affirmative desire to inflict harm. Either way, it is a clear due process violation. *Cf. Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1072–77 (E.D. Cal. 2018) (failure to diagnose head injury following fall constituted violation of due process). Accordingly, this Court must order Mr. Worrell's immediate release from detention.

### IV. THIS COURT SHOULD ORDER MR. WORRELL'S RELEASE FROM DETENTION BECAUSE THE GOVERNMENT'S ONGOING FAILURE TO TREAT HIS CANCER IS A CLEAR VIOLATION OF DUE PROCESS

To establish a claim for unconstitutional deprivation of medical treatment, Mr. Worrell need only establish that: (1) his medical need is serious; and (2) that jail officials were deliberately indifferent to his medical need. *Anderson*, 317 F. Supp. 3d at 447.[1] To establish deliberate indifference, Mr. Worrell need only show that jail officials had knowledge of his serious medical need and recklessly disregarded the risk that it posed to his health and safety. *Id.*

#### A. Mr. Worrell Has Established That His Medical Need Is Serious

A detainee's medical need is serious where a reasonable doctor or patient would find the condition important and worthy of comment or treatment. *Scalia*, 308 F. Supp. 3d at 1076–77. Here, Mr. Worrell, easily establishes that his medical need is serious. Mr. Worrell has cancer. Cancer is the second most prolific killer of Americans.[2] Indeed, it cannot be overstated that

---

[1] In this court, pretrial detainees' Fifth Amendment claims and Eight Amendment claims brought by prisoners are generally analyzed under the same standard. *Anderson*, 317 F. Supp. 3d at 447 (citing *Young v. Dist. of Columbia*, 107 F. Supp. 3d 69, 77 (D.D.C. 2014)).

[2] *See Nat'l Health Statistics*, U.S. CTRS. FOR DISEASE CONTROL & PREVENTION (last visited Aug. 10, 2021), https://www.cdc.gov/nchs/fastats/deaths.htm.

cancer is perhaps the most feared diseases of our time.[3] Thus, cancer is certainly something a reasonable doctor or patient would find important and worthy of comment or treatment. Notably, the jail's medical staff has already recognized that Mr. Worrell's cancer requires treatment. This alone establishes that Mr. Worrell's medical need is serious.

A serious medical need is also established where—as here—a failure to treat a detainee's condition could result in either further significant injury or cause the unnecessary and wanton infliction of pain. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Each day Mr. Worrell is deprived of cancer treatment places him at greater risk of severe illness or death. *See, e.g.*, *Don't delay cancer treatment during the pandemic*, HARV. HEALTH PUBL'G (Feb. 1, 2021), https://www.health.harvard.edu/cancer/dont-delay-cancer-treatment-during-the-pandemic ("when it comes to cancer care, even a short delay in treatment may lead to deadly outcomes"). As of this writing, Mr. Worrell has been detained for over 150 days. Yet, despite promises of timely treatment, the government and jail staff have done nothing.

The lack of treatment has allowed Mr. Worrell's cancer to progress: For example, he has developed lymphomas of the skin on his face—these red and purple lesions are itchy, scaly, and extremely uncomfortable. Yet, there is no indication when—if ever—Mr. Worrell's treatment will commence. The Government's abject failure to treat Mr. Worrell's cancer has already caused him further significant injury and unnecessary discomfort. It cannot be seriously disputed that more delay will cause him to suffer further significant injury.

---

[3] *See, e.g.*, Sean Williams, *The 5 Diseases Americans Fear the Most*, MOTLEY FOOL (Oct. 15, 2013), https://www.fool.com/investing/general/2013/10/15/the-5-diseases-americans-fear-the-most.aspx ("Once again, cancer reigns supreme as the most feared disease in America."); *Survey reveals cancer is most 'feared' disease*, HEALTHCAREGLOBAL.COM (May 17, 2020), https://healthcareglobal.com/procurement-and-supply-chain/survey-reveals-cancer-most-feared-disease.

While in confinement, Mr. Worrell's also suffered a broken hand. The Government again promised that he would get treatment. This was another empty promise—the Government has thus far failed to get him the treatment that its own doctors prescribed. This untreated broken bone continues to cause Mr. Worrell pain. Accordingly, Mr. Worrell has established that his medical need is serious.

**B. Mr. Worrell Has Established That the Government's Failure to Obtain Treatment for His Cancer and Broken Hand Constitutes Deliberate Indifference**

An unreasonable delay in treating a serious medical need constitutes deliberate indifference. *Melton v. Abston*, 841 F.3d 1207, 1229 (11th Cir. 2016). Whether a delay is unreasonable depends on the nature of the detainee's illness or injury. *Id.* at 1222.

Here, quite frankly, Mr. Worrell's detention has been a single, uninterrupted unreasonable delay. As noted above, cancer is a disease for which time is of the essence. The Government has known about Mr. Worrell's pre-existing cancer since practically the first day of his detention. It promised Mr. Worrell, his counsel, and this Court that it would ensure Mr. Worrell received prompt treatment. Yet it has done nothing to deliver on this promise. When Mr. Worrell's cancer caused lesions to develop on his face, the Government once again failed to get him treatment. As noted above, as of this writing, Mr. Worrell has received no cancer treatment, and it is not clear when—if ever—the Government will actually start giving Mr. Worrell the medical care it has been promising for five months. This alone is sufficient to establish that the Government has unreasonably delayed in treating Mr. Worrell's cancer.

However, the Government's dereliction of duty goes beyond Mr. Worrell's cancer. When Mr. Worrell suffered a broken hand on May 16, the jail's medical staff stated that he would need surgery. As of this writing, the Government has failed even to schedule such surgery. As with Mr.

Worrell's cancer treatment, it is unclear when—if ever—the Government will give Mr. Worrell the treatment that its own doctors know he needs. The broken bone was—and continues to be—quite painful. Yet the jail only gave Mr. Worrell anti-inflammatories. In *Melton*, the Eleventh surgery to treat a prisoner's broken bone, and gave him only anti-inflammatories and weak narcotics for pain. 841 F.3d at 1225–26. For the foregoing reasons, it is hard to conclude other than that the Government has been—and continues to be—deliberately indifferent to Mr. Worrell's serious medical needs.

### C. Mr. Worrell Has Established That the Conditions of His Detention Violate His Constitutional Rights

This Court has given the Government many chances to take care of Mr. Worrell's pressing medical needs, and the Government has done nothing but fail to deliver. Because Mr. Worrell has established both that he has a serious medical need, and that the Government has shown nothing but deliberate indifference to such need, Mr. Worrell has established that the conditions of his confinement violate his Due Process rights. Accordingly, this Court must revoke the detention order.

### CONCLUSION

For the foregoing reasons, Mr. Worrell respectfully requests that the Court revoke the Order of Detention Pending Trial (ECF No. 13) and order Mr. Worrell's release with appropriate conditions.

Date: August 12, 2021                                Respectfully Submitted,

*John M. Pierce*

John M. Pierce (*PHV Admitted*)
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

Tel: (213) 400-0725
Email: jpierce@piercebainbridge.com

*Attorney for Defendant Christopher Worrell*

1

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, August 11, 2021, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                            /s/ John M. Pierce
                                            John M. Pierce